# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

L.D., by and through his Next
Friend, NICOLAS OLSSON,

     Plaintiff

v.

MECOSTA COUNTY, JASON LOSINSKI, and S. MARTIN,
in their individual and official capacities,

     Defendants.

CASE NUMBER:

HONORABLE:

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and for his Complaint against the above-named Defendants, hereby states as

follows:

1. Plaintiff L.D. is a minor child (who was born in 2011), and he is currently a resident of the

Village of Mecosta, County of Mecosta, State of Michigan.

1

2.      Nicolas Olsson is Plaintiff L.D.'s brother, is a competent adult, and he will be acting as Plaintiff's Next Friend; and he also is currently a resident of the Village of Mecosta, County of Mecosta, State of Michigan.

3.      Defendant Jason Losinski is and/or was a Sheriff's deputy employed by the Mecosta County Sheriff's Department at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

4.      Defendant S. Martin is and/or was a Sheriff's deputy employed by the Mecosta County Sheriff's Department at all times mentioned herein, and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

5.      Defendant Mecosta County is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

6.      All relevant events giving rise to this lawsuit occurred in Mecosta County, State of Michigan.

7.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

8.      This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

9.      This Court also has supplemental jurisdiction over Plaintiff's state law claims.

10.     That the amount in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

2

**FACTS**

11.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

12.     The events giving rise to the instant Complaint occurred on or about January 29, 2024.

13.     At all relevant times, Plaintiff L.D. was twelve (12) years of age, weighed approximately seventy (70) pounds, and was a student in the Chippewa Hills Intermediate School located in Remus, Michigan.

14.     At all relevant times, Plaintiff suffered from attention-deficit/hyperactivity disorder, and this fact was known to Defendants.

15.     On or about January 29, 2024, Plaintiff L.D. was tired and decided to lay under one of the tables in this classroom so he could take a nap.

16.     Defendant Losinski came to the classroom, and without saying anything to Plaintiff L.D., he immediately grabbed Plaintiff L.D.'s leg and began to pull him out from under the table.

17.     Instead of calmly speaking to Plaintiff L.D. or otherwise trying to de-escalate the situation, and while Plaintiff L.D. was still laying on the ground, Defendant Losinski violently and forcefully pulled Plaintiff L.D.'s arm behind his back and bent Plaintiff L.D.'s wrist forcefully and violently backwards, thereby causing Plaintiff L.D. immediate pain.

18.     Defendant Losinski did nothing to calm to calmly address the situation, but instead senselessly escalated the situation.

19.     Plaintiff L.D. did not kick or hit Defendant Losinski.

20.     Plaintiff L.D. did not pose a danger to himself or anyone else.

21.     Plaintiff L.D. told Defendant Losinski that he was hurting him, but Plaintiff's complaints of pain fell on deaf ears.

22.     While still forcefully bending Plaintiff L.D.'s wrist painfully backwards, and with his arm still painfully behind his back, Defendant Losinski pulled Plaintiff L.D. to his feet.

23.     Defendant Losinski continued to forcefully bend Plaintiff L.D.'s wrist backwards as he took Plaintiff L.D. to the principal's office.

24.     While going to the principal's office, Plaintiff L.D. continued to complain that Defendant Losinski was hurting his wrist and that he was in pain, but Defendant Losinski did nothing in response to Plaintiff L.D.'s complaints.

25.     Because of the significance of the injuries senselessly and unnecessarily inflicted on Plaintiff L.D. by Defendant Losinski, Plaintiff L.D. had to receive medical attention.

26.     Defendant Losinski and Martin then brought bogus criminal charges against Plaintiff L.D. for resisting and obstructing (MCL 750.81d(1)) and disturbing the peace (MCL 750.170), despite the complete lack of probable cause or other legal justification to bring such charges.

27.     The criminal charges brought against Plaintiff L.D. were dismissed.

28.     As a result of Defendant Losinski's and Martin's unlawful actions, Plaintiff sustained injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**
**AS TO DEFENDANT LOSINSKI**

29.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30.     That Defendant Losinski was at all relevant times acting under color of law, in his individual and official capacities, and acting within the course and scope of his employment at all times set forth herein.

31.     As a result of the conduct complained of herein, Plaintiff suffered a deprivation of his clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from the deprivation of liberty, property, bodily security, and integrity without due process of law, the right to be free from unreasonable searches and seizures, and the right to be free from excessive force.

32.     That Defendant Losinski violated Plaintiff's clearly established and federally protected rights by using excessive and unreasonable force against Plaintiff.

33.     That Defendant Losinski's acts were at all times intentional, objectively unreasonable, unnecessary, excessive, reckless, and/or grossly negligent and otherwise in violation of Plaintiff's clearly established rights under the United States Constitution.

34.     As a result of Defendant Losinski's violations/deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

<u>**COUNT II**</u><br><u>**VIOLATIONS OF THE FOURTH AMENDMENT**</u><br><u>**42 U.S.C. § 1983 FALSE ARREST**</u><br><u>**AS TO DEFENDANTS LOSINSKI AND MARTIN**</u>

35.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

36.     That Defendant Losinski and Defendant Martin were at all times acting under color of law and in their individual and official capacities.

5

37.    That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

38.    At all material times, Defendant Losinski and Defendant Martin acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they initiated and/or caused Plaintiff to be falsely arrested and/or charged with crimes that Plaintiff L.D. did not commit, and for which there was a lack of probable cause, and they otherwise failed to consider the totality of the circumstances.

39.    Defendant Losinski and Defendant Martin acted unreasonably and failed in their duties when they caused criminal charges to be brought against Plaintiff without first completing a full investigation and/or otherwise ignored the totality of the circumstances.

40.    Defendant Losinski and Defendant Martin acted under law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

41.    Defendant Losinski's and Defendant Martin's unlawful and unconstitutional actions and/or inactions were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

42.    Due to Defendant Losinski's and Defendant Martin's actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Honorable Court award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## ASSAULT AND BATTERY
## AS TO DEFENDANT LOSINSKI

43.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44.     The actions of Defendant Losinski were not undertaken in good faith and were not discretionary; but were otherwise taken with malice.

45.     At all material times herein, Defendant Losinski threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or excessive physical contact.

46.     At all material times mentioned herein, the physical contact and/or threat of physical contact referred to herein was inflicted upon Plaintiff by Defendant Losinski.

47.     That the physical contact employed by Defendant Losinski was unnecessary and excessive; and furthermore, the physical contact was without probable cause and/or any legal justification whatsoever.

48.     As a direct and proximate result of the assaults and batteries inflicted upon Plaintiff as described herein by Defendant Losinski, Plaintiff sustained injuries and damages.

49.     Defendant's actions were so egregious and so outrageous, that Plaintiff's damages were heightened and made more severe; this Plaintiff is entitled to exemplary damages.

        **WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

**COUNT IV**
**FALSE ARREST**
**AS TO DEFENDANTS LOSINSKI AND MARTIN**

50. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

51. That Defendants Losinski and Martin caused the arrest of Plaintiff without any legal justification and/or probable cause.

52. Defendant Losinski and Martin unlawfully restricted Plaintiff's freedom of movement for no lawful justification whatsoever.

53. That Defendants Losinski and Martin caused Plaintiff to be held against his will without any legal justification and/or probable cause.

54. Defendants Losinski and Martin restricted Plaintiff's liberties against his will.

55. Defendants' actions were without legal justification and/or probable cause.

56. As a result of Defendants' actions, Plaintiff suffered injuries and damages.

57. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe such that Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

**COUNT V**
**GROSS NEGLIGENCE**
**AS TO DEFENDANTS LOSINSKI AND MARTIN**

58. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

8

59.    The governmental agency that employed Defendant Losinski and Defendant Martin was engaged in the exercise or discharge of a governmental function; and at all times mentioned herein, Defendant Losinski and Defendant Martin were engaged in the exercise and/or discharge of a governmental function.

60.    Defendant Losinski's and Defendant Martin's conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

61.    Defendant Losinski's and Defendant Martin's actions were such that they completely ignored the potential risks of injury to Plaintiff.

62.    Defendant Losinski and Defendant Martin had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

63.    Notwithstanding these duties, Defendant Losinski and Defendant Martin breached their duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

64.    Defendant Losinski and Defendant Martin knew or should have known that by breaching these duties, harm would come to Plaintiff.

65.    Defendant Losinski and Defendant Martin engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted; thereby causing Plaintiff to sustain injuries and damages.

66.    That as a direct and proximate result of Defendant Losinski's and Defendant Martin's indifferent/grossly negligent acts and/or omissions, Plaintiff sustained injuries and damages.

67.    The actions and/or inactions of Defendant Losinski and Defendant Martin were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe; thus, Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

<u>COUNT VI</u>
<u>CONSTITUTIONAL VIOLATIONS</u>
<u>AS TO DEFENDANT MECOSTA COUNTY</u>

68.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

69.    Defendant Mecosta County acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

70.    These customs and/or policies and/or practices included, but were not limited to, the following:

    a.    Failing to adequately train and/or supervise its law enforcement officers so as to prevent violations of citizens', especially minor students,' constitutional rights;

    b.    Failing to adequately train and/or supervise its law enforcement officers regarding lawful seizures and use of reasonable force;

    c.    Failing to adequately train and/or supervise its law enforcement officers in interactions with students and/or children suffering from educational and/or emotional problems and/or disorders;

    d.    Failing to develop, implement, train its officers in, and/or supervise its officers regarding adequate policies, customs, and/or procedures regarding its officers' interactions with students and/or children suffering from educational and/or emotional problems and/or disorders;

e.    Failing to supervise, review, and/or discipline law enforcement officers whom Defendant Mecosta County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

f.    Failing to adequately train and/or supervise its law enforcement officers in the proper policies and procedures for conducting lawful seizures and/or otherwise using reasonable force;

g.    Failing to adequately train and/or supervise its law enforcement officers in the proper policies and procedures for conducting proper and thorough investigations which lead to lawful arrests and/or the issuance of criminal charges for which there is probable cause and/or other lawful justification;

h.    Failing to adequately screen its law enforcement officers prior to hiring which would have led reasonable decision makers for Defendant Mecosta County to conclude the plainly obvious consequence of its decision to hire certain law enforcement officers would be the deprivation(s) of citizens' federally protected constitutional rights, and that Defendant Mecosta County knew, or should have known that these law enforcement officers were highly likely to inflict the particular injuries suffered by Plaintiff as set forth herein; and

i.    Failing to equip its law enforcement officers with specific tools to handle recurring situations.

71.    Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

72.    Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

73.    The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (PP77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

Dated: December 1, 2025
KRD/scc

12

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

L.D., by and through his Next
Friend, NICOLAS OLSSON,

      Plaintiff

v.

                                          CASE NUMBER:
                                          HONORABLE:

MECOSTA COUNTY, JASON LOSINSKI, and S. MARTIN,
in their individual and official capacities,

      Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com
_____/

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (PP77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

Dated: December 1, 2025
KRD/scc

14